UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLITA DELGADO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 3:25-cv-2425-B |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Mutual Insurance Company ("State Farm")'s Motion for Summary Judgment (Doc. 4), construed as a motion for judgment on the pleadings (the "Motion").[1] For the reasons set forth below, the Court **GRANTS** the relief sought.

## I.

## BACKGROUND

This is an insurance dispute. As alleged, in December 2024, a semi-truck passed Plaintiff Carlita Delgado's car as she drove southbound on U.S. Highway 380. Doc. 1-5, Pet. ¶¶ 9-10. "During the pass, a tire detached from the semi-truck and struck the driver's side" of Delgado's car. *Id.* ¶ 10. Delgado honked her car's horn in response, but the semi-truck continued driving and ultimately fled the scene. *Id.* Delgado reported the incident as a hit-and-run and contacted the police. *Id.* ¶ 11.

---

[1] State Farm filed the relevant Motion seeking summary judgment on Delgado's claims. *See* Doc. 4, Mot., 1. Because the Motion is based only on the pleadings, the Court notified the parties in its prior Order that it is construing the Motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c). *See* Doc. 14, Order, 3-4; *see also Heilman v. Jefferson Cnty.*, No. 1-14-CV-264, 2015 WL 12966203, at *1 (E.D. Tex. Mar. 16, 2015) ("When a motion for summary judgment is based entirely on the pleadings, it is treated as a motion for a judgment on the pleadings under Fed. R. Civ. P. 12(c)." (citation omitted)).

As a result of the incident, Delgado sustained injuries, medical expenses, and other damages. *Id.* ¶ 13. Law enforcement informed Delgado that the traffic cameras in the area did not retain recordings, so the identity of the driver remained unknown. *Id.*

At the time of the incident, Delgado had an automobile insurance policy issued by State Farm, which included coverage for uninsured motorist benefits. *Id.* ¶ 12. But when Delgado filed a claim with State Farm, it denied the claim. *Id.* ¶ 14.

In September 2025, Delgado brought this breach of contract and declaratory judgment suit against State Farm. *See generally id.* State Farm then filed the Motion. *See generally* Doc. 4, Mot. Delgado did not respond to the Motion within the required 21 days. *See* N.D. Tex. Loc. Civ. Rule 7.1(e). Nor did she timely respond to the Court's Order requiring Delgado to explain her failure to file a timely response. *See* Doc. 10, Order, 1. Seven days after her response to the Court's Order came due, Delgado requested leave to file a late response. *See* Doc. 11, Mot. Remand, 1. But she offered no explanation for why she failed to timely respond to either State Farm's Motion or the Court's Order. As a result, the Court denied Delgado's request for leave and informed her that failure to timely file a new motion for leave would result in the Court considering State Farm's Motion without opposition briefing. *See* Doc. 14, Order , 4. To date, Delgado has not filed a second motion for leave or otherwise responded. The Court now considers State Farm's Motion (without opposition briefing) below.

## II.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings may be appropriate for "[l]itigation in which the sole question is the applicability or interpretation of a statutory provision." 5C *Wright & Miller's Federal Practice & Procedure* § 1367 (3d ed. 2026). A court applies the same standard to a FRCP 12(c) motion as it does to a FRCP 12(b)(6) motion. *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-CV-4997-D, 2015 WL 1757358, at *1 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id* at 679 (citation modified).

### III.

### ANALYSIS

The question before the Court is whether Delgado's claim for uninsured motorist coverage is barred by the "actual physical contact requirement" under the Texas Insurance Code. Uninsured or underinsured motorist claims are governed by subchapter C of the Texas Insurance Code. Relevant here, subchapter C states that uninsured motorist coverage is limited to instances where "*actual physical contact* . . . occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." Tex. Ins. Code. Ann. § 1952.104(3) (emphasis added). In interpreting this section, the Texas Supreme Court held that "[n]o other substitute exists for the requirement of actual physical contact with the [unknown] motor vehicle itself." *Nationwide Ins. Co. v. Elchehimi*, 249 S.W.3d 430, 434 (Tex. 2008). "[A] collision with a separated piece of a motor vehicle . . . is not actual physical contact with the motor vehicle as specifically required by the statute." *Id.* Accordingly, cargo or vehicle-parts that have become separated from the unknown vehicle cannot satisfy the statute's actual physical contact requirement because the statute explicitly requires the insured's vehicle to make "actual physical contact with a motor vehicle." *Id.* (collecting cases).

The "actual physical contact" requirement of section 1952.104(3) is fatal to Delgado's claims. Delgado's Petition states that the actual physical contact occurred between her vehicle and a tire that had detached from the unknown semi-truck. She does not allege the semi-truck itself made contact with her car. Delgado's allegations, even taken as true and in the light most favorable to her, do not permit a reasonable inference that her car made actual physical contact with the unknown motorist's vehicle. Instead, Delgado's allegations support only that her car made contact with a detached piece

of the unknown vehicle, which is insufficient under the statute according to *Nationwide. See id.* at 434. Because Delgado's alleged facts bar her from obtaining relief under section 1952.104(3), dismissal of her breach of contract and declaratory judgment claims is appropriate.

District courts give plaintiffs leave to amend their complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal standard, however, is "tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co.*, 313 F.3d at 329.

The Court finds dismissal with prejudice is appropriate. The defect at issue is incurable because the relevant statute bars relief for the injury forming the basis of Delgado's claims.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** State Farm's Motion (Doc. 4). A final judgment will follow.

**SO ORDERED**.

**SIGNED: June 8, 2026.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE